SCAD-19-0000539

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

MAILE LANI ESTEBAN-TRINIDAD,
Respondent.

---

ORIGINAL PROCEEDING
(ODC # 19-0370)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the Office of Disciplinary Counsel's July 26, 2019 petition for issuance of a reciprocal discipline notice to Respondent Maile Lani Esteban-Trinidad, pursuant to Rule 2.15(b) of the Rules of the Supreme Court of the State of Hawai'i (RSCH), the memorandum, declaration, and exhibits appended thereto, the court's August 19, 2019 Notice and Order, Respondent Esteban-Trinidad's untimely September 30, 2019 response, and the Office of Disciplinary Counsel's (ODC) October 1, 2019 reply and the record, we find that, on July 5, 2019, the Nevada Supreme Court concluded Esteban-Trinidad had

misappropriated client funds for office and personal expenses, and commingled personal funds with client funds, causing those clients actual injury, in violation of her duty under Rule 1.15 of the Nevada Rules of Professional Conduct to safeguard client property. In aggravation, the court found a pattern of misconduct, multiple offenses, and substantial experience in the practice of law and, in mitigation, found Esteban-Trinidad had made full and free disclosure, had a good reputation and character, had expressed remorse, had a clean disciplinary record, and had faced personal problems during the relevant time, the mitigating factors, particularly the latter two, sufficient to reduce the appropriate discipline to a period of suspension of six months and one day and court-ordered restitution. Such conduct, if committed in this jurisdiction, would violate Rules 1.15(a) and 1.15(c) of the Hawaiʻi Rules of Professional Conduct (2014) and, weighed in light of the aggravating and mitigating factors cited by the court, would justify a similar period of suspension. Therefore,

IT IS HEREBY ORDERED that Respondent Esteban-Trinidad is suspended from the practice of law in this jurisdiction for 181 days pursuant to RSCH Rules 2.3(a)(2) and 2.15(c), effective thirty days after the entry of this order.

IT IS FURTHER ORDERED that Respondent Esteban-Trinidad shall, in accordance with RSCH Rule 2.16(d), file with this

2

court, within 10 days after the effective date of her suspension, an affidavit showing compliance with RSCH Rule 2.16(d).

IT IS FURTHER ORDERED that Respondent Esteban-Trinidad shall bear the costs of these reciprocal proceedings, pursuant to RSCH Rule 2.3(c), upon the timely submission of a verified bill of costs by the Office of Disciplinary Counsel.

IT IS FURTHER ORDERED that Respondent Esteban-Trinidad shall not resume the practice of law in this jurisdiction until re-admitted by order of this court, as set forth in RSCH Rules 2.17(a) and 2.17(b)(2). Any application for reinstatement shall include proof of readmission to, and good standing with, the Nevada State Bar.

DATED: Honolulu, Hawaiʻi, October 17, 2019.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

